**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-4677**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KENYADA JAQU, a/k/a Ken,

Defendant - Appellant.

_____

Appeal from the United States District Court for the District of South Carolina, at Columbia.  J. Michelle Childs, District Judge.  (3:19-cr-00302-JMC-1)

_____

Argued:  January 28, 2026                                           Decided:  July 27, 2026

_____

Before NIEMEYER and WYNN, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Vacated and remanded for resentencing by published opinion.  Judge Niemeyer wrote the opinion, in which Judge Wynn and Judge Keenan joined.

_____

**ARGUED:**  Jonathan McKey Milling, MILLING LAW FIRM, LLC, Columbia, South Carolina, for Appellant.  Thomas Ernest Booth, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.  **ON BRIEF:**  Nicole M. Argentieri, Principal Deputy Assistant Attorney General, Lisa H. Miller, Deputy Assistant Attorney General, Criminal Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; Adair F. Boroughs, United States Attorney, Kathleen M. Stoughton, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Columbia, South Carolina, for Appellee.

_____

NIEMEYER, Circuit Judge:

A jury convicted Kenyada Jaqu of several drug-trafficking and firearm offenses on October 21, 2020, and throughout the trial, Jaqu was represented by court-appointed counsel. On March 22, 2021 — five months after the verdict but long before sentencing — Jaqu informed the court that he no longer wanted to be represented by his counsel and that he wanted to represent himself at sentencing. The district court relieved Jaqu of his then-current counsel, but it denied Jaqu's request to represent himself on the ground that the request was "thoroughly untimely." Instead, the court appointed new counsel to represent him at sentencing. The court explained that "[a] request to proceed *pro se* may be untimely when brought after the commencement of trial," citing *United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979), and *United States v. Singleton*, 107 F.3d 1091, 1099 (4th Cir. 1997), both of which were cases in which a defendant sought to represent himself *at trial* only after the trial had begun. Accordingly, Jaqu was sentenced on December 2, 2021, in a proceeding in which he did not represent himself.

On appeal, he argues that the district court violated his Sixth Amendment right to represent himself, as recognized in *Faretta v. California*, 422 U.S. 806 (1975), and that he should be resentenced. He also argues that the district court inappropriately enhanced his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

Because we conclude that Jaqu was denied his constitutional right to represent himself at sentencing, we vacate the judgment and remand for resentencing. We do not reach his argument that the district court erred in sentencing him as an armed career criminal.

2

I

Following a three-day jury trial in October 2020, during which Jaqu was represented by court-appointed counsel, Jaqu was convicted of possession with intent to distribute heroin and methamphetamine, conspiracy to distribute those drugs, possession of a firearm by a felon, and possession of a firearm in furtherance of a drug-trafficking crime. In late February 2021, after the probation office submitted a presentence report, Jaqu's counsel filed objections to it.

At about the same time, however, Jaqu prepared and filed a handwritten "notice" that he was "remov[ing] [his counsel] from all duties as . . . Attorney of Record on behalf of [him] from this day forward." The notice prompted his counsel to file a motion for a hearing to determine her status as counsel.

The district court conducted an *ex parte* hearing with Jaqu and his counsel on March 22, 2021, at which Jaqu stated repeatedly that he wished to represent himself at sentencing. When the court asked Jaqu about his relationship with his court-appointed counsel, Jaqu stated that it was "horrible." And when the court advised Jaqu strongly against self-representation and pointed out its substantial risks, Jaqu nonetheless persisted in his request to represent himself at sentencing.

In a written order dated April 6, 2021, the district court denied Jaqu's request to represent himself at sentencing, deciding instead to appoint a new lawyer to represent him. The court acknowledged that a criminal defendant has the right to represent himself, but it emphasized that the assertion of this right "must be '(1) clear and unequivocal;

3

(2) knowing, intelligent and voluntary; and (3) timely.'" (Quoting *United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005)). Focusing on the third factor of timeliness, the court explained that "[a] request to proceed *pro se* may be untimely when brought after the commencement *of trial*," such that "'thereafter its exercise rests within the sound discretion'" of the court. (Emphasis added) (quoting *United States v. Lawrence*, 605 F.2d 1321, 1325 (4th Cir. 1979)). It relied for support on cases finding a defendant's request to represent himself *during trial* to be untimely when first made after the trial had commenced. *See, e.g.*, *Lawrence*, 605 F.2d at 1325; *United States v. Singleton*, 107 F.3d 1091, 1099 (4th Cir. 1997). The court then made the findings on which it denied Jaqu's request:

> Trial began on October 19, 2020, and concluded two days later, with the jury finding Defendant guilty on all counts on October 21, 2020. Defense counsel filed objections to the presentence report on February 28, 2021. Despite this, Defendant waited until March 11, 2021 — over five months after the jury was empaneled, over 4.5 months after the verdict was rendered, and after defense counsel filed objections to the presentence report — to request to proceed *pro se* for the first time. The court therefore finds Defendant's request is thoroughly untimely.

The court conducted Jaqu's sentencing hearing on December 2, 2021, with Jaqu represented by different court-appointed counsel. During the hearing, Jaqu refused to take the oath, repeatedly stating that he did not "wish to contract with [the] Court" and that he did not consent to his appointed counsel's representation of him. The court sentenced Jaqu to 388 months' imprisonment, a sentence reflecting an enhancement under ACCA.

From the district court's judgment dated December 2, 2021, Jaqu filed this appeal.

4

II

Jaqu contends that the district court violated his Sixth Amendment right to represent himself when it relied on the untimeliness of his request. He explains:

> Nothing in the record reveals any analysis as to the timing of the request sufficient to justify this denial. No sentencing hearing had been scheduled and while the request was after the jury returned its verdict, [his] request was not for self-representation at trial, but only for sentencing.

He requests that we vacate the judgment and remand for resentencing.

Relying solely on the timeliness requirement for requesting self-representation, the district court denied Jaqu's request to represent himself. The court seemed to rely on two different and perhaps inconsistent aspects of untimeliness. *First*, it suggested that a request for self-representation may be untimely if made "after the commencement of trial" and that the decision to grant such an untimely request falls within the court's "sound discretion." *Second*, it suggested that the four- to five-month delay after trial — but when sentencing had not yet been scheduled — rendered the request "thoroughly untimely." We conclude, however, that neither ground was sufficient to deny Jaqu's constitutional right to represent himself at sentencing.

While it is well established that "the Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process," *Marshall v. Rodgers*, 569 U.S. 58, 62 (2013) (per curiam) (cleaned up), it is also well established that the Sixth Amendment protects the inverse — the right of a defendant to choose to represent himself instead, *see Faretta v. California*, 422 U.S. 806, 821 (1975); *see also Singleton*, 107 F.3d at 1095–96. As the *Faretta* Court explained, "The Sixth

5

Amendment does not provide merely that a defense shall be made for the accused; [rather,] it grants to the accused personally the right to make his defense," 422 U.S. at 819, "thus impl[ying] a right of self-representation," *id*. at 821.

Because the exercise of the right to self-representation necessarily entails a waiver of the right to counsel, "a trial court must proceed with care in evaluating a defendant's expressed desire to forgo the representation of counsel and conduct his own defense." *Singleton*, 107 F.3d at 1096. Thus, as we have repeatedly recognized, a defendant's waiver of his right to counsel and concomitant assertion of his right to self-representation must be "(1) clear and unequivocal, (2) knowing, intelligent, and voluntary, and (3) timely." *United States v. Ziegler*, 1 F.4th 219, 226 (4th Cir. 2021) (quoting *United States v. Bernard*, 708 F.3d 583, 588 (4th Cir. 2013)); *see also United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000).

The timeliness requirement, which is at issue here, reflects "the need to minimize disruptions" and "to avoid inconvenience and delay." *United States v. Dunlap*, 577 F.2d 867, 868 (4th Cir. 1978). After all, "[t]he right of self-representation exists 'to affirm the dignity and autonomy of the accused and to allow the presentation of what may, at least occasionally, be the accused's best possible defense.'" *Frazier-El*, 204 F.3d at 560 (quoting *McKaskle v. Wiggins*, 465 U.S. 168, 176–77 (1984)). But without a requirement that the right be timely asserted, the right could too often be abused "as a tactic for delay, for disruption, for distortion of the system, or for manipulation of the trial process." *Id.* (citations omitted). Thus, when a defendant seeks to represent himself at trial *after the trial has begun*, we have recognized the request as untimely, concluding that, in such a

6

circumstance, "the decision whether to allow the defendant to proceed *pro se* rests in the sound discretion of the trial court." *Singleton*, 107 F.3d at 1096; *see also United States v. Hilton*, 701 F.3d 959, 965 (4th Cir. 2012); *Lawrence*, 605 F.2d at 1325.

In this case, the district court seemed to rely on this principle in finding Jaqu's request untimely, indicating that since Jaqu made his request for self-representation after the commencement of trial, the court had discretion to deny the request — a discretion granted to ensure that the defendant is not misusing the right of self-representation "as a tactic for delay" or as a means of disrupting or distorting the proceedings. *Frazier-El*, 204 F.3d at 560.

The request for self-representation here, however, was made *after* trial but *before* sentencing, and it was made only for the purpose of self-representation *at sentencing*, which had not yet been scheduled. It is not disputed that the right to counsel and the inverse right to self-representation apply to sentencing proceedings, as well as to trial. *See United States v. Roof*, 10 F.4th 314, 353–55 (4th Cir. 2021). Accordingly, a request made well *before* sentencing, as was the case here, does not implicate the concerns for delay or disruption of a proceeding that could be in play with respect to a request made *during* sentencing.

We thus conclude that a request for self-representation at sentencing made after trial but before sentencing is not subject to the discretion of the district court if the criteria for self-representation are otherwise met. In reaching this conclusion, we rely on the practical reality that there is, typically, a substantial period of time between the jury's verdict and

7

the sentencing hearing, such that the district court could readily address the request without prejudicing the timing of sentencing.

While Federal Rule of Criminal Procedure 32(b)(1) provides that "[t]he court must impose sentence without unnecessary delay," the procedures required before sentencing nonetheless take substantial time. The probation officer is required to conduct a presentence investigation and prepare a comprehensive presentence report. *See* Fed. R. Crim. P. 32(c), (d). In addition, the defendant must be provided with a draft of the presentence report "at least 35 days before sentencing," *id*. 32(e)(2), so as to afford the parties time to file, in writing, any objections to the report and also to allow the probation officer time to respond to the objections and revise the report if necessary, *see id*. 32(f). And the final presentence report must then be submitted to both the court and the parties "[a]t least 7 days before sentencing." *Id*. 32(g).

In short, preparing properly for a sentencing hearing takes time. And, in light of the inevitable gap between when the defendant is convicted and when he is sentenced, a defendant can first request to represent himself at sentencing during the time between the two without causing the kind of disruption that necessarily results when a defendant requests to represent himself at a proceeding after *that* proceeding has begun. Thus, we conclude that a defendant's request to represent himself *at sentencing* need not be made *before trial* to be timely. *Accord United States v. Davis*, 130 F.4th 1272, 1287 (11th Cir. 2025) (holding that "*Faretta* can be invoked after trial but before sentencing" and collecting cases from six other circuits concluding the same). Therefore, the district court's

8

suggestion that a request for self-representation at sentencing must be made before the trial commenced was legal error.

The district court also concluded that Jaqu's request for self-representation at sentencing made four to five months after the trial was "thoroughly untimely," but the court did not explain how that timing impacted the sentencing hearing, which, in this case, had not yet been scheduled and ultimately took place some eight months later. The court pointed out that Jaqu "waited until" March 2021 to make his request — "over 4.5 months after the verdict was rendered" — somehow suggesting that that delay created some form of prejudice either to the trial, which was then long past, or to the sentencing proceeding, which had not yet been scheduled. It is not clear, however, how such a conclusion could have been reached in the circumstances presented. As the district court itself explained to Jaqu at the March 2021 hearing, "We have already had your trial. The only thing left for now is your sentencing in this matter," and in that circumstance, Jaqu sought to represent himself during the upcoming, yet-to-be-scheduled sentencing proceeding. Jaqu's request for self-representation therefore could easily have been addressed by the court by conducting a *Faretta* hearing before sentencing. We thus conclude that the district court's finding that Jaqu's request for self-representation was untimely when the request was made long after trial but also long before sentencing was also legal error.

The Supreme Court has recognized that the improper denial of a request for self-representation cannot be harmless. As it has stated, "The right is either respected or denied; its deprivation cannot be harmless." *McKaskle*, 465 U.S. at 177 n.8; *see also id.* (explaining that "[s]ince the right of self-representation is a right that when exercised usually increases

9

the likelihood of [an] . . . outcome unfavorable to the defendant, its denial is not amenable to 'harmless error' analysis"). Accordingly, we vacate the judgment of the district court and remand this case for resentencing. *See Davis*, 130 F.4th at 1289; *United States v. Mancillas*, 880 F.3d 297, 302 (7th Cir. 2018) ("Since denial of the right to self-representation is not subject to the harmless error analysis, we must remand for resentencing").

We also point out that prior to resentencing, the district court must conduct a full *Faretta* hearing to determine whether Jaqu's waiver of his right to counsel is knowing, intelligent, and voluntary.

Because Jaqu will be resentenced, we do not reach his second issue of whether he was appropriately sentenced as an armed career criminal.

VACATED AND REMANDED
FOR RESENTENCING

10